HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I concur except with regard to the association restriction as it relates to Widmer’s daughter. I do not agree that the district court “explicitly address[ed] the necessity of applying the association restriction to Widmer’s own child.” Maj. Op. 209. Rather, the district court merely remarked that the restriction was “an unfortunate consequence of the criminal activity in this case.” Clearly, some restriction on Widmer’s contact with his daughter is necessary and appropriate; however, the district court should have considered whether less-restrictive conditions, such as supervised visitation, sufficiently further probation’s dual goals of rehabilitation and protection of the public while also assuring some exercise of the parent-child assoeiational rights involved. Absent an adequate explanation that an almost-complete ban on Widmer’s association with his daughter is necessary to rehabilitate Widmer and protect the public (including his daughter), I again conclude that, “because Widmer never solicited or physically harmed a child, the record lacks an obvious rationale for imposing [the no association] restriction.” [1] Widmer I, 511 Fed.Appx. 506, 513 (6th Cir.2013). Thus, the restriction fails careful review because it involves a greater deprivation of liberty than reasonably necessary to achieve the probationary goals of rehabilitation and protection of the public. United States v. Ritter, 118 F.3d 502, 504 (6th Cir.1997).

. Widmer has no prior convictions, and pending sentencing, the court allowed him to visit with his daughter. On first appeal, this court found "no error in the [district] court’s characterization of Widmer's conduct, let alone in its evaluation of the evidence to find him sexually interested in children.” Widmer I, 511 Fed.Appx. at 512. And we were aware that "Widmer downloaded images of minor children engaging in sexual activity with adult males,” id., and that some of the materials portrayed "sadistic and masochistic conduct,” id. at 508. We also noted that the district court, in its order overruling Widmer's PSR objections, "repeatedly tied the challenged conditions to the crime of child pornography.” Id. at 512. Nevertheless, we impliedly concluded that those facts were insufficient to justify the no-association special condition. Id. at 513.